Abraham J. Gellinoff, J.
In this proceeding pursuant to CPLR article 78 petitioner seeks to review the determination of respondent Administrative Judge, computing the lump-sum payment in lieu of terminal leave payable to petitioner upon his retirement.
Petitioner was employed within the Supreme Court, First Judicial District, in various capacities, from November 8, 1943 until his retirement on December 31, 1972. Upon his retirement, he sought a lump-sum payment in lieu of terminal leave pursuant to Executive Order No. 26 and Personnel Order No. 76/70 of the City of New York. These regulations provide that for employees in petitioner’s class, the lump-sum payment shall be based upon one half of all accrued sick leave during the employee’s service, to a maximum not applicable here.
The parties are in agreement that, throughout petitioner’s *1065 service, no records were kept by any of his superiors with respect to his sick leave. They also agree that, before October 1, 1964, there was no requirement that such records be kept and that, in the absence of such records, petitioner should be credited with six days of accrued sick leave for each year during that period (22 NYCRR 24.2). Petitioner claims that he is entitled to the same accrued sick leave for each year of service after October 1, 1964. Respondent, on the other hand, maintains that after October 1, 1964 sick leave records were required to be kept and that, therefore, in the absence of such records, he is unable to credit petitioner with any accrued sick leave after that date.
Respondent relies upon 22 NYCRR 24.1(b), which became effective October 1, 1964. This provision states:
"Notwithstanding the provision of subdivision (a) of this rule [which applied to employees outside the City of New York]:
"(1) All employees paid by a fiscal authority whose budget permits payment in cash for accrued vacation credits upon separation from its service, shall, at the time of separation from such service and from the service of the unified court system, be entitled to the payment of compensation in cash to themselves, their estates or beneficiaries, as the case may be, for vacation credits not in excess of 30 days accrued and unused as of the effective date of separation.
"(2) All employees, paid by a fiscal authority which permits the dollar value of earned and accumulated but unused sick leave standing to an employee’s credit at the time of retirement to be applied towards the charges for health insurance on account of such retired employees and his dependents, shall be governed by section 24.5 of this Part.
"Certification for payment under this subdivision shall be made by the administrative board or an Appellate Division only where accurate records of vacation and sick leave credits and charges have been kept” (emphasis added).
This provision does not mandate the keeping of records of accrued sick leave. All it does is provide that, when records of sick leave credit are not kept, such sick leave credit may not be "applied towards the charges for health insurance,” which benefit petitioner does not seek here. Nothing in that rule requires that records of sick leave be kept for the purpose of computing lump-sum payment in lieu of terminal leave, or makes the keeping of records a condition for such payment.
*1066 However, Personnel Order 76/70, which is dated October 13, 1970, incorporates the provisions of "Leave Regulations for Employees Who are Under the Career and Salary Plan,” and paragraph 6.1 thereof does require that records of sick leave be maintained. Thus, since October 13, 1970 it has been required that such records be kept in order to entitle employees covered by the plan to lump-sum payments in lieu of terminal leave.
During this period, in which records were required to be kept, petitioner was employed as a law secretary to a Supreme Court Justice. On November 17, 1971, respondent circulated a memorandum to each of the Justices of the Supreme Court, First Department advising that "recent clauses in contracts * * * now provide, in some cases, for cash benefits upon retirement or death with paper certification. * * * These certifications can only be made on behalf of employees whose records we have.” Additionally, noting that the law secretary is "under the administrative jurisdiction of each Judge,” respondent offered the Justices the facilities of the clerk’s office to keep time and leave records for the Justice’s staff. The Justice by whom petitioner was employed did not avail himself of the central record keeping offer, but neither did he nor petitioner keep the records themselves. Moreover, invited now to reconstruct petitioner’s attendance record, the Justice has been able to recall only that petitioner’s "attendance record was excellent.”
Petitioner alleges that he ought not to be penalized for the failure of his superiors to maintain appropriate records. Respondent, on the other hand, urges that because of the "intimate” and "delicate” relationship between the Justice and his law secretary, it was petitioner’s obligation to see that such records were kept.
The career and salary plan makes clear that records must be kept in order for the lump sum in lieu of terminal leave to be payable. Respondent therefore acted properly in so advising the Justices and offering the services of the central record keeping facilities. However, it is just that unique relationship between Justice and law secretary referred to by respondent, as well as the very nature of the law secretary’s tasks, that rendered the keeping of sick leave records for a law secretary a practical impossibility and an inaccurate measure of fact. For the nature of the secretary’s work is wholly defined by the *1067 individual Justice, and is to a large extent unrelated to a five-day per week, eight-hour per day schedule. The secretary may be as much on the job when at home, actually ill, but reading and evaluating briefs, papers in the court file, decisions and precedents, or conferring with the Justice by telephone, as when he is physically present in chambers. It can hardly be determined whether such a day should be counted as a sick day; technically it is, since the law secretary was absent from his place of employment; yet, it would be unfair to charge him with a sick day when, although at home, the law secretary actually performed work sufficient to satisfy the needs of the Justice.
Because of the relationship between a Justice and his personal staff, the keeping of meaningful records as to the staff’s sick leave time is impossible, which may account for the lack of such requirement in the rules of the Administrative Board. Yet, as a member of the career and salary plan, petitioner is entitled to a lump-sum payment in lieu of terminal leave, based upon accrued sick leave. And the absence of sick leave records ought not penalize him.
Accordingly, it is necessary to devise a formula for computing the accrued sick leave time to be credited to a Justice’s personal staff in the absence of records. In doing so, the court should be guided by the policy set by the Administrative Board of the Judicial Conference in similar circumstances. As appears from section 24.2 of the rules of the board (22 NYCRR 24.2), the board, in such instance, gave credit for six days per year. Such formula appears to be eminently fair under the circumstances of this case, and is adopted by the court. It should be emphasized that this court’s holding is limited in its application to the personal staff of Justices, and should not be deemed to abrogate the requirement of record keeping for the computation of lump-sum payments in lieu of terminal leave for all other court employees.
Therefore, the petition is granted to the extent of vacating respondent’s determination, and directing the petitioner’s lump-sum payment in lieu of terminal leave be recomputed, giving him credit for six days of accrued sick leave for each year of his service in the system to the date of his retirement.